UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:
08-23188-CIV-MORENO**

CLARK S. CHENEY and JAMES C. CALKINS,

   Plaintiffs,

vs.

IPD ANALYTICS, LLC, INTELLECTUAL PROPERTY DEVELOPMENT, INC., and HOWARD BENJAMIN KRASS,

   Defendants.
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION ON THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT

Plaintiffs Clark Cheney and James Calkins are licensed attorneys and former employees of Defendant IPD Analytics. While at Analytics, Plaintiffs analyzed and predicted the outcome of pending patent litigations and the scope, validity, and enforceability of patent portfolios. Plaintiffs also drafted reports that were sent to Analytics' clients, usually institutional investors. After leaving Analytics, Plaintiffs started their own company, offering similar services as their former employer.

Seeking primarily guidance from the Court about the legality of their competing business, after having signed employment agreements with non-compete clauses, Plaintiffs filed suit for declaratory relief, breach of contract, promissory estoppel, fraudulent inducement, and recovery of funds pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendants filed a counterclaim for breach of contract based on Plaintiffs' subsequent competition with Defendants after

leaving Analytics.

Thereafter, the parties filed cross motions for summary judgment. These motions were referred to the Honorable Edwin G. Torres, United States Magistrate Judge for a Report and Recommendation specifically on Defendants' Motion for Summary Judgment on Counts I-XIII of the Second Amended Complaint (**D.E. No. 57**), and Plaintiffs' Cross-Motion for Summary Judgment on Counts I-IV, VI, and XIII of the Second Amended Complaint and on Counts I-II of the Counterclaim (**D.E. No. 64**).

**I.     Review of the Magistrate's Report and Recommendation**

The Magistrate Judge filed a Report and Recommendation (**D.E. No. 143**) on **May 28, 2009**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, the Court finds that the Magistrate's Report and Recommendation should be affirmed and adopted.

   *A.     Counts I-IV, VI, and XIII and Counts I-II of Defendants' Counterclaim*

Summary judgment on these counts turns on whether the Court finds that Plaintiffs' and Analytics' businesses engage in the "practice of law." Judge Torres found that these companies, and their employees, do not do so when they publish reports and send them to institutional investors. These clients use the information in order to make investment decisions. Although Plaintiffs, and Analytics employees, are lawyers with backgrounds in patent law, Judge Torres found that neither Analytics nor Plaintiffs engage in the practice of law.

After a *de novo* review, the Court agrees with Judge Torres' analysis. While these companies employ licensed attorneys to analyze pending patent cases, the "product" that the company sells is a

generalized, periodic report as to the status of these cases and a prediction as to their outcome. Therefore, the Court grants summary judgment in favor of Defendants as to Counts I-IV, and as to the fraudulent inducement claim in Count VI that is based on Defendants' representation that their business did not constitute the practice of law. Furthermore, Plaintiffs' motion for summary judgment as to Counts I and II of the Counterclaim is denied.

B.  *Defendants' Motion for Summary Judgment as to Counts VIII-XII*

Plaintiffs brought these Counts under ERISA, seeking benefits and damages. Judge Torres found that all of these claims must first go through the ERISA administrative process before coming before this Court. The Court agrees, and grants summary judgment in favor of Defendants as to Counts VIII-XII.

C.  *Defendants' Motion for Summary Judgment as to Count V*

This Count relates to Defendants' alleged breach of an equity ownership agreement in Cheney's employment contract with Defendants. Judge Torres found that the employment contract unambiguously stated that "*in the event* [Cheney] achieve[s] a performance level comparable" to other analysts, "the Company will provide an opportunity for [Cheney] to obtain equity in the Company that would vest over subsequent years." The contract gives no guarantee that Cheney will receive equity in the company. The Court finds, as Judge Torres recommends, that summary judgment in favor of Defendants as to Count V is appropriate.

D.  *Defendants' Motion for Summary Judgment as to Counts VI-VII*

Count VI is a fraudulent inducement claim, and Count VII a promissory estoppel claim, based on Defendants' alleged false promise to Cheney of equity ownership. Defendants argue that both claims are moot because the employment contract mandated that Cheney's right to equity ownership

did not vest until the end of 2008, well before his termination. Judge Torres found this mootness argument meritless and found no persuasive substantive reason for the Court to grant summary judgment in Defendants' favor as to these Counts. The Court agrees, and denies summary judgment for Defendants as to Count VII and the fraudulent inducement claim in Count VI based Defendants' representation that Cheney would receive equity ownership.

## II.   Conclusion

After a *de novo* review, it is **ADJUDGED** that United States Magistrate Judge Edwin G. Torres's Report and Recommendation **(D.E. No. 143)** on **May 28, 2009** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that:

(1)   Defendants' motion for summary judgment as to Counts I-IV, VI in part, and XIII is GRANTED. Plaintiffs' cross-motion for summary judgment as to these claims is DENIED.

(2)   Plaintiffs' motion for summary judgment on Counts I-II of the Counterclaim is DENIED.

(3)   Defendants' motion for summary judgment as to Counts VIII-XII is GRANTED.

(4)   Defendants' motion for summary judgment as to Count V is GRANTED.

(5)   Defendants' motion for summary judgment as to Counts VI in part and Count VII is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of July, 2009.

FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:

United States Magistrate Judge Edwin G. Torres

Counsel of Record